## IN THE UNITED STATES DICTRICT COURT
## FOR THE DISTRICT OF NEBRASKA
## NORTH PLATTE DIVISION

|  |  |  |
|---|---|---|
| BRIAN CRAWFORD, as Personal Representative of the ESTATE OF HILARY CRAWFORD, Deceased, | ) ) ) ) | CASE NO. 7:14-cv-5001 |
| Plaintiff, | ) ) | **COMPLAINT AND JURY DEMAND** |
| v. | ) ) | |
| SAFEWAY, INC., a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

COMES NOW Plaintiff Brian Crawford, as Personal Representative of the Estate of Hilary Crawford, Deceased, by and through his attorneys of record, and for his cause of action against Defendant Safeway, Inc., a Delaware Corporation, states and alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action in which the Plaintiff seeks to recover damages for the wrongful death of his wife, Hilary Crawford, on April 10, 2012.

2. Jurisdiction in this Court is based upon diversity jurisdiction arising under 28 U.S.C. §1332(a) and the amount in controversy exceeds Seventy-five thousand and no/100ths dollars ($75,000.00) exclusive of interest and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the events giving rise to Plaintiff's claims occurred within Cheyenne County, Nebraska, all within the territorial limits of the United States District Court for the District of Nebraska.

4. This action was timely filed within two years of the occurrences hereinafter alleged.

## PARTIES

5. Plaintiff Brian Crawford is:

    a.    qualified as the personal representative to institute this action under Nebraska law;

    b.    a resident of Sidney, Cheyenne County, Nebraska; and,

    c.    is the widower of the decedent, Hilary Crawford.

6. The County Court for Cheyenne County, Nebraska, appointed Brian Crawford as Personal Representative on October 23, 2013, at Appearance Docket PR 12-37.

7. Defendant, Safeway, Inc.,:

    a.    is a Delaware corporation with its principal place of business in California;

    b.    operates a pharmacy in its grocery store in Sidney, NE; and,

    c.    employs registered pharmacists to dispense medications to patients.

## FACTUAL ALLEGATIONS

8. That from December 5, 2011, through April 6, 2012, Michael L. Matthews, M.D. (hereinafter, "Dr. Matthews") provided healthcare services to Plaintiff's decedent, Hilary Crawford.

9. That from March 11, 2012, through April 6, 2012, registered pharmacists employed by Defendant dispensed medications pursuant to Dr. Matthews' orders and provided pharmaceutical care to decedent Hilary Crawford, thereby establishing a healthcare provider-patient relationship between the registered pharmacists employed by Defendant and decedent Hilary Crawford.

10. That from March 9, 2012, through April 6, 2012, Dr. Matthews prescribed medications for Hilary Crawford which were contraindicated for simultaneous use.

2

11. That from March 11, 2012, through April 6, 2012, the registered pharmacists prescribed medications for Hilary Crawford which were contraindicated for simultaneous use.

12. That the registered pharmacists employed by Defendant were agents of Defendant and at the times of dispensing the medications to decedent Hilary Crawford were acting within the scope of their authority as agents of Defendant.

## NEGLIGENCE

13. The registered pharmacists employed by Defendant owed a duty to decedent Hilary Crawford to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other members of their profession engaged in the practice of pharmacy.

14. The registered pharmacists employed by Defendant failed to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other members of their profession engaged in a similar practice in the same or similar localities in that they:

    a.    failed to provide patient counseling and information to decedent Hilary Crawford to improve the therapeutic outcomes by maximizing the proper use of the prescription medications fluconazole and methadone prescribed for her use;

    b.    failed to provide pharmaceutical care by working with decedent Hilary Crawford and her physician Dr. Matthews in designing, implementing, and monitoring a therapeutic plan which included the use of fluconazole and methadone so that it would produce a safe, specific therapeutic outcome for Hilary Crawford;

c.     failed to evaluate the medical orders for fluconazole on April 3, 2012, and methadone on April 6, 2012, for adverse drug-drug interactions;

d.     failed to perform a prospective drug utilization review prior to dispensing fluconazole to Hilary Crawford on April 3, 2012, and April 6, 2012, for drug-drug interactions with methadone;

e.     failed to perform a prospective drug utilization review prior to dispensing methadone to Hilary Crawford on April 3, 2012, and April 6, 2012, for drug-drug interactions with fluconazole;

f.     failed to clarify the medication orders with Dr. Matthews prior to dispensing the fluconazole on April 3, 2012, and April 6, 2012, and prior to dispensing the methadone on April 6, 2012;

g.     failed to assess the data on fluconazole and methadone based upon the predetermined standards approved by the Nebraska Pharmacy Board; and,

h.     failed to exercise due care in a manner not presently known to Plaintiff.

15. That Defendant had a duty to provide accurate software for use by its registered pharmacists which would alert the dispensing pharmacist of the adverse drug-drug interaction of methadone and fluconazole at the point of dispensing and delivering to decedent Hilary Crawford.

16. That Defendant breached its duty to decedent Hilary Crawford by failing to provide an accurate software program for use by its registered pharmacists which would alert the dispensing pharmacist of the adverse drug-drug interaction of methadone and fluconazole at the point of dispensing and delivering to decedent Hilary Crawford.

## CAUSATION

17. That the failure of the registered pharmacists employed by Defendant were a cause of the death of Hilary Crawford on April 10, 2012.

## DAMAGES

18. That as a result of the above-described negligence of the registered pharmacists employed by Defendant, for which Defendant is vicariously liable under the doctrine of *respondeat superior*, the survivors and next-of-kin of decedent Hilary Crawford including her spouse Brian Crawford and her minor sons, Bryce Crawford and Aaron Crawford, have sustained past and future monetary losses in excess of Seventy-five Thousand and no/100ths Dollars ($75,000.00) as a result of her death, which includes:

a.    past and future loss of contributions and financial support;

b.    past and future loss of society and comfort;

c.    past and future loss of companionship;

d.    past and future loss of consortium;

e.    past and future loss of counseling and advice; and,

f.    past and future loss of enjoyment of family relations.

WHEREFORE, Plaintiff Brian Crawford prays for judgment against the Defendant Safeway, Inc., on his Complaint for monetary damages in excess of Seventy-five Thousand and no/100ths Dollars ($75,000.00) and for his taxable costs and expenses incurred.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in North Platte, Nebraska, on all issues in this matter so triable.

DATED this 2nd day of April, 2014.

> BRIAN CRAWFORD, as Personal
> Representative of the ESTATE
> OF HILARY CRAWFORD, Deceased,
> Plaintiff,

By: _____
> Steven M. Watson    [#16075]
> John F. Carroll       [#23811]
> WATSON & CARROLL, PC, LLO
> 160 Centre Place
> 2809 South 160th Street, Suite 409
> Omaha NE  68130-1755
> Office: 402.991.2100
> Fax:    402.991.2110
> steve@watsoncarroll.com
> john@watsoncarroll.com
> ATTORNEYS FOR PLAINTIFF